UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>   v.<br><br>JEFFREY I. GREENSTEIN and CHARLES H. WILK,<br><br>     Defendants. | CASE NO. CR08-0296 RSM<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS VARIOUS COUNTS, MOTIONS TO SEVER, AND MOTION TO RECONSIDER |

   This matter comes before the Court on Defendants' motions to dismiss various counts of the Second Superseding Indictment (the "Indictment"), to sever their trials, and for reconsideration of the Court's Order granting the government's request to take Rule 15 depositions.  The Court, having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, and having heard oral argument on the motions, hereby finds and ORDERS:

   1.  Defendants' motion to dismiss counts 10 through 14 of the Indictment (Dkt. #142) is DENIED.  These counts were timely charged because Judge Coughenour's suspension order tolled the statute of limitations pursuant to 18 U.S.C. § 3292.  Judge Coughenour found that it reasonably appeared that evidence related to Defendants' tax-related offenses was in the Isle

of Man and Great Britain.  *See* 18 U.S.C. § 3292(a)(1).  The government was entitled to rely on the Court's order.  Had Judge Coughenour found the government's submission to be deficient because it lacked verifications, which he did not, that deficiency could have been cured.

2.     Defendants' motion to dismiss counts 2, 3, and 6 through 9 of the Indictment (Dkt. #140) is DENIED.  Contrary to Defendants' contention, the Ninth Circuit's decision in *United States v. Carlson* does not hold that the statute of limitations is calculated differently in evasion of assessment cases than in evasion of payment cases.  235 F.3d 466 (9th Cir. 2000).  In both types of tax evasion cases, "the indictment is timely so long as it is returned within six years of an affirmative act of evasion."  *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987); *see also United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993).  The Indictment adequately alleges that in 2003 through 2005, Defendants provided the same false, fraudulent, and misleading documents to their clients in order for them to respond to anticipated inquiries regarding the POINT tax shelter.  These affirmative acts of evasion occurred less than six years prior to January 19, 2009, the date on which the parties' first tolling agreement was entered into.  Accordingly, the counts were timely filed.

3.     Defendants' motion to dismiss counts 4 and 5 of the Indictment (Dkt. #141) is DENIED.  At this stage of the proceeding, the Court must accept the allegations in the Indictment as true.  As alleged in the indictment, Defendants orchestrated a scheme whereby they created billions of dollars in fictitious capital losses for their clients.  Based on the wealth and sophistication of Defendants' clients, it was expected that in the event the clients were unable to use the entirety of the enormous tax shelter losses in 2000 and 2001, they would carry forward any losses to future years.  Thus Defendants specifically intended that their clients would file false returns claiming fraudulent carry-over losses in future years.  Defendants' attempt to distinguish *United States v. Kelley*, 864 F.2d 569 (7th Cir. 1989) is unpersuasive.

ORDER
PAGE - 2

4.      Defendants' motion to dismiss counts 15 through 17 of the Indictment (Dkt. #143) is DENIED.  As alleged in the Indictment, Defendants schemed to induce clients to participate in the tax shelter and provide false documentation to disguise the scheme in the inevitable event that their clients were audited by the IRS.  Thus, as alleged, the October and November 2004 misrepresentations through wire communications were part of the "execution of the scheme as conceived by the perpetrator at the time."  *United States v. Lo*, 231 F.3d 471, 478 (9th Cir. 2000).  Because these wire communications are part of the scheme to defraud, the statute of limitations period runs from the date of those communications, not from the date Defendants received payment for the fraudulent tax shelter.  *See id.*  Accordingly, the counts are timely.

In addition, the Indictment alleges sufficient facts to support venue in the Western District of Washington over count 17.  Venue is established in those locations where, inter alia, the wire transmission was orchestrated.  *United States v. Pace*, 314 F.3d 344, 349-50 (9th Cir. 2002).  Reading the Indictment as a whole, as the Court must, the Indictment alleges that Defendants orchestrated the misuse of wires through Quellos in Seattle, Washington, and Defendants' activities were conducted there.  *United States v. Johnson*, relied on by Defendants, is distinguishable.  297 F.3d 845 (9th Cir. 2002).  In that case, the defendants argued that the language "in the District of Arizona and elsewhere" meant the wire communications "took place in both the District of Arizona and some other place – in the sense that wire fraud occurs in both the state where the communication originates and the state where it is received."  *Id.* at 861.  The court noted that such an interpretation was plausible looking at those words in isolation, but was erroneous when considered along with the grid contained in the indictment showing that wire communications for some counts neither originated from nor were received in Arizona.  *Id.*  In the present case, it is agreed that the wire communication alleged in count 17 did not travel to or from the Western District of Washington.  Unlike in *Johnson*, however, the Indictment taken as a whole logically implies that these transfers were caused and orchestrated from Seattle.

ORDER
PAGE - 3

5.     Defendants' motion to dismiss count 18 of the Indictment (Dkt. #144) is DENIED.  In order for conspiracy to launder money to fall within the statute of limitations, it must have been ongoing within the five year period preceding the indictment.  *United States v. LaSpina*, 299 F.3d 165, 173 (2d Cir. 2002).  Thus, count 18 is timely if the conspiracy as alleged continued until at least December 30, 2004.  The government alleged in the Indictment that the scope of the conspiracy included the repatriation of kickback payments into the United States as part of the overall scheme to pay Krane while hiding the source of the funds.  The Court must accept these allegations as true.  Since the majority of these transfers occurred after December 30, 2004, count 18 is timely.

6.     Defendants' motions to sever their trial (Dkt. #s 138, 145) are DENIED.  Based on the nature of the conspiracy charges in this case, at this stage it seems that the overwhelming part of the government's evidence pertains to both Defendants.  "[J]oinder is the rule rather than the exception," and neither defendant has met his burden to show that joinder would be "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy." *United States v. Monks*, 774 F.2d 945, 948 (9th Cir. 1985) (quoting *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

7.     Defendants' motion to reconsider the Court's Order granting the government's request to take Rule 15 depositions (Dkt. #168) is DENIED.  As explained at oral argument on May 26, 2010, the Court will not revisit these issues.

DATED this 1 day of June 2010.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4