UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY GREENSTEIN and CHARLES H. WILK, <br><br> Defendants. | CASE NO. CR08-0296 RSM <br><br> ORDER DENYING QUELLOS'S EMERGENCY MOTION TO STAY |

This matter comes before the Court on Quellos's Emergency Motion to Stay (Dkt. #245). Quellos intervened in this case asserting that it holds an attorney-client privilege over documents in Skadden's possession. On August 9, 2010, the Court issued an order holding that the documents were not privileged and ordering their disclosure to the government by Monday August 16, 2010. Quellos filed a motion on August 12, 2010 moving the Court to stay that Order pending an expedited appeal to the Ninth Circuit. The Court, after having hearing oral argument, DENIES the motion.

ORDER DENYING QUELLOS'S EMERGENCY MOTION TO STAY - 1

1  The Court considers the four traditional preliminary injunction factors when deciding

2  whether to stay its own ruling: (1) whether the applicant has shown a likelihood of success on the

3  merits; (2) whether the applicant will suffer irreparable injury; the balance of hardships including

4  whether issuance of the stay will injure other parties interested in the proceeding; and (4) where

5  the public interest lies. *Golden Gate Restaurant Ass'n v. City of San Francisco*, 512 F.3d 1112,

6  1119 (9th Cir. 2008). To grant a stay, the Court must find that irreparable injury is likely, not

7  merely possible. *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 375-76 (2008).

8  With regard to the other factors, the "sliding scale" approach survives *Winter*. *Alliance for the

9  Wild Rockies v. Cottrell*, --- F.3d ---, 2010 WL 2926463 at *3-7 (9th Cir. 2010). Thus the Court

10  may stay an order if there are "serious questions" going to the merits and "the balance of

11  hardships tips sharply in [the applicant's] favor." *Id.* at *4.

12  Quellos has a low likelihood of success on the merits for the reasons stated in the Court's

13  August 9, 2010 Order. (Dkt. #244). The merits do not present "serious questions," and

14  accordingly the extraordinary remedy of a stay is not warranted.

15  Additionally, the balance of hardships does not weigh "sharply" in Quellos's favor.

16  Quellos will suffer hardship if the Court's August 9 Order turns out to be incorrect because

17  privileged documents will have already been disclosed to the government. However, the

18  government will also suffer hardship if the Court grants a stay because the government will be

19  without evidence to use at trial, which is now two months away. Even if the Ninth Circuit

20  accepted an expedited appeal, which is by no means certain, it is unlikely it would make a ruling

21  in time for the government to obtain the evidence and prepare its case before trial.

22  Based on the analysis of these two factors alone, it is clear the Court must deny the

23  motion.

24

1   And it is so ORDERED.

2

3   Dated August 13, 2010.

4

5

6   _____
    RICARDO S. MARTINEZ
7   UNITED STATES DISTRICT JUDGE

ORDER DENYING QUELLOS'S EMERGENCY MOTION TO STAY - 3